CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 23 2006 Danville
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| HERBERT O. VALENTINE, | ) | CASE NO. 4:05CV00065 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's October 27, 2003 claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 48 years old with a high school equivalent education[1] and with past relevant work as a textile clerk, had not engaged in

---

[1] In his report, the Law Judge noted that plaintiff had a "high school equivalent education." (R. 18.) However, plaintiff testified that he *graduated* from high school. (R. 304.)

substantial gainful activity since his alleged date of disability onset, March 5, 2003; and was insured for benefits at least through the date of his July 8, 2005 decision. (R. 18, 23.) The Law Judge further found that plaintiff had disorders of the back requiring multiple surgeries, lumbar and bilateral leg pain, and functional illiteracy, which are severe impairments, though not severe enough to meet or equal any listed impairment.[2] (R. 19, 23.) The Law Judge was of the view that plaintiff's allegations regarding his limitations were generally but not totally credible, and that he retained the residual functional capacity to perform light to medium work with lifting and carrying of 35 pounds occasionally, 15 pounds frequently; standing and walking 6 hours in an 8-hour workday; sitting 6 hours in an 8-hour workday; occasional crawling and climbing of stairs and ladders; and no repetitive squatting, crouching and kneeling. (R. 20-21, 23-24.) Because plaintiff's past relevant work was medium to heavy exertional work, the Law Judge determined that plaintiff could not return to his past relevant work. (R. 22, 24.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that jobs as a cleaner, hand packer, and inspector were available to plaintiff. (R. 22.) Thus, the Law Judge determined that he was not disabled under the Act. (R. 23, 24.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons plaintiff advanced on appeal, to review the Law Judge's decision.[3]

---

[2] The Law Judge specifically noted that plaintiff did not have a severe mental impairment. (R. 21.)

[3] The Appeals Council set aside its September 9, 2005 decision not to review plaintiff's additional information. After reviewing the additional information, the Appeals Council found there were no reasons to review the Law Judge's decision. (R. 5.)

2

(R. 5-7.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v, Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff contends that the Law Judged erred in finding that he did not suffer from a severe anxiety/depressive disorder. The evidence of plaintiff's anxiety and depression are found in a psychological evaluation performed in October 2004 by Arthur C. Ballas, Ph.D. (R. 281-289.) Ballas notes that the test results he obtained should be viewed "with considerable caution" and that to the extent "a partially valid interpretation may be made," plaintiff was showing "reactionary levels of depression and anxiety" in response to his back and leg pain. (R. 283.) Additionally, there is no evidence that plaintiff has ever sought or received medicinal treatment or therapy for his alleged anxiety/depressive disorder or even been diagnosed as having a psychological impairment.

A psychiatric review was performed by a DDS physician on February 25, 2004. (R. 233-246.) The physician noted that plaintiff was not presently nor had he ever been treated for a

3

psychological condition, any alleged depression he was experiencing was secondary to pain, and his allegations of mental impairment were "not credible." (R. 245-246.)

Next, plaintiff asserts that the Law Judge erred by failing to consider the fact he had undergone three back surgeries and had psychological limitations when making his RFC determination. The undersigned having determined that the Law Judge's finding that plaintiff does not have a severe anxiety/depressive disorder is supported by substantial evidence, that portion of his argument is moot. As to his claim that the Law Judge failed to consider the operations he had undergone, the Law Judge's findings in this regard are also supported by substantial evidence. On January 20, 2004, plaintiff received a functional capacity evaluation in which the expert recommended that he:

> 1. Maintain a *light/medium* physical demand level for lifting (35 lbs occasionally and 15 lbs frequently from floor to 66 inches), lowering carrying, and pushing/pulling activities.
> 2. Avoid repetitive squatting/crouching and kneeling activities and static squatting/crouching activities.
> 3. Perform stair climbing, ladder climbing, and crawling activities on an occasional basis.

(R. 206.) (emphasis added.)

On February 27, 2004, plaintiff's treating physician, Randy O. Kritzer, M.D., "released him back to work" at a *medium to heavy* exertional level with the limits set forth in the January 2004 functional capacity evaluation. (R. 258.) Kritzer noted that although plaintiff should be limited to four hours of work for two weeks, he was released for "full time" work five days a week thereafter. (R. 256.)

Plaintiff contends that the hypothetical presented to the VE did not adequately represent his limitations. A review of the hearing transcript reveals that the hypothetical presented

4

plaintiff's limitations as stated in the January 2004 functional capacity evaluation and his treating physician's records which show that he was medically released to return to work at a medium to heavy exertional level. (R. 314-315.) The VE concluded that jobs would be available to a person with all of these limitations.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

5/23/06
Date

5

Case 4:05-cv-00065-JLK-BWC   Document 14   Filed 05/23/06   Page 5 of 5   Pageid#: 54